UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JEFFREY B. TRUSTY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 1:18-CV-228-HSM-CHS |
| CENTURION HEALTH SERVICES, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, an inmate in the custody of the Tennessee Department of Corrections ("TDOC") proceeding pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 against Centurion Health Services, Tony Parker, David Sexton, Kevin Hampton, Darren Settles, Katie Campbell, and John and Jane Doe [Doc. 1]. This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") and consideration of the various motions filed by the parties.

**I.  SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.  ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate in the custody of TDOC who is housed at the Bledsoe County Correctional Complex ("BCCX"). On February 9, 2018, Plaintiff was transferred to the Deberry Special Needs Facility ("DSNF") for an appointment and remained there until February 16, 2018, when he was returned to BCCX [Doc. 1 p. 5-6]. On February 19, 2018, at a post-visit consultation, Plaintiff advised his health care provider to cancel his follow-up special needs appointment with DSNF [*Id*. at 5].

Plaintiff claims that in the early morning hours of July 20, 2018, two officers came to his cell and advised him to pack his property for transport (presumably) to DSNF [*Id*. at 5]. Plaintiff contends that when he told the officers that his appointment at DSNF was cancelled, the officers took him to the health care clinic to sign refusal of treatment forms [*Id*.]. Plaintiff declined to sign the refusal forms, as health care services failed to follow TDOC policy requiring personnel to review scheduled transfers with the inmate in advance [*Id*.]. Plaintiff asserts that because this policy of advance review was not followed, he was wrongfully charged with a $10.00 medical co-pay for refusing the transport [*Id*.].

Plaintiff claims that Centurion Health Services deliberately fails to follow TDOC policies in order to increase profit, in violation of his due process rights [*Id*. at 7]. Named as Defendants in this action are Centurion Health Services ("Centurion"), the TDOC contract health care

2

provider; Tony Parker, TDOC Commissioner; David Sexton[1], Assistant Commissioner; Kevin Hampton, Warden at BCCX; Darren Settles, Regional Warden; Katie Campbell, Health Administrator; and John and Jane Doe, Centurion employees.

## III. ANALYSIS

It is well-settled that an inmate has a due process interest in his prison trust fund account. *See, e.g., Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). However, an inmate is not "deprived of his property by virtue of deductions from his prison trust account for court costs and medical co-payments." *Gallagher v. Lane*, No. 03-2263, 75 F. App'x 440, 441-42 (6th Cir. Sept. 13, 2003); *see also Bailey v. Carter*, 15 F. App'x 245 (6th Cir. 2001) (holding policy requirement payment for medical services, where funds are available, does not violate an inmate's constitutional rights). Plaintiff does not allege that any named Defendant requested his follow-up examination or approved his transfer.[2] The evidence before the Court is that Plaintiff refused medical services after officials and health care providers scheduled an examination and arranged transport. The minimal co-pay required to deter such conduct is not unconstitutional, and such a policy does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Aside from the question of the policy itself, Plaintiff additionally claims that Defendants' failure to follow TDOC policy (by failing to hold pre-transport review) has denied him his constitutional rights. However, he has not demonstrated that Tennessee's post-deprivation procedures are inadequate for redressing the wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983); *see also Hudson v. Palmer*, 468 U.S. 517 (1984) and *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff maintains that he has utilized

---

[1] David Sexton has since been dismissed from this action [*See* Doc. 26 p. 2].

[2] In his complaint, Plaintiff names Nurse Practitioner Elizabeth Elgan and Medical Director Dr. Guetther as the requesting provider and approving physician, respectively [Doc. 1 p. 6].

TDOC's grievance process, and that is the only remedy of which he is aware. However, Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not shown that these remedies are inadequate, and therefore, he has not stated a claim that would entitle him to relief under § 1983. *See Bailey*, 15 F. App'x at 251 (observing that even if due process deprivation was shown through co-pay charge, "the inmates failed to allege that the post-deprivation procedure is inadequate"). Accordingly, this action must be dismissed.

## IV. MOTIONS

In light of Plaintiff's inability to sustain a § 1983 claim against any named Defendant, Plaintiff's motions (1) requesting the service of summons on Defendants Centurion, Tony Parker, and Katie Campbell [Doc. 11], and (2) and declaration for entry of default [Doc. 22] will be **DENIED**. As TDOC is not a party to this action, Torrey E. Samson's motion to withdraw as counsel for TDOC [Doc. 14] will be **GRANTED**, and she will be removed as counsel for TDOC only. Defendants Hampton and Settles' motion to dismiss [Doc. 16] will be **DENIED** as moot.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Additionally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE